UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES STEVEN BERRY,

                    Plaintiff,

vs.                                    Case No.  2:08-cv-559-FtM-29DNF

GUY FLOWERS, JAMES BEESTING, and
JAMES JACOBS,

                    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined in the DeSoto County Jail and is proceeding *pro se,* filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 with exhibits ("Complaint," Doc. #1) on July 16, 2008.  Plaintiff names the following Defendants: Guy Flowers, James Edward Jacobs, and James Besting, who Plaintiff identifies respectively as the Assistant State Attorney, Assistant Public Defender, and Assistant Regional Counsel involved in Plaintiff's underlying criminal actions.  Complaint at 6-7.[1]

In his Complaint, Plaintiff alleges violations of his Fifth Amendment rights in connection with his underlying state criminal actions at case numbers 06-CF 601 and 06-CF 508.  Complaint at 8. Plaintiff also generally alleges due process and speedy trial

_____

[1]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

violations stemming from the delay[2] in the prosecution of Plaintiff's pending criminal case due to Defendant Besting and Jacobs' withdrawals based upon their conflicts of interests with Plaintiff's cases. Id. 9-10. Plaintiff seeks injunctive relief, specifically to have the original negotiated plea deal enforced, an audit on his pending cases performed, and funding provided for counsel. Id. at 11.

Plaintiff is currently confined in jail and seeks to proceed *in forma pauperis* in this action. See Affidavit of Indigence (Doc. #2). The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to

---

[2]Plaintiff claims that his case has languished for "2 years" due to conflicts asserted by defense counsel. Id. at 10.

be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  Frivolous claims are those that describe "fantastic or delusional scenarios."  Bilal, 251 F.3d at 1349.  In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e)(2)(ii) is identical to the screening language of § 1915A.  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff's claim is fatally flawed. First, Defendants Jacobs and Besting are not considered "persons" "acting under of color of state law" for the purposes of the § 1983. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Second, Plaintiff's claims against Defendant Flowers, the Assistant State Attorney, are barred. In particular, "[p]rosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).

Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against any of the named Defendants under any set of

facts that could be proved consistent with the allegations in Plaintiff's Complaint under § 1983. <u>See</u> <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)). Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

To the extent that Plaintiff is challenging the fact and/or duration of his present confinement due to what he perceives as constitutional deprivations, then Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. In particular, a pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. <u>See</u> <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998). A petitioner, however, must satisfy two requirements. First, the petitioner must remain "in custody." 28 U.S.C. § 2241. Second, a petitioner must have exhausted his state court remedies. <u>See</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1059 (11th Cir. 2003). Remedies are not considered exhausted if any state procedures remain available to a petitioner. <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 489 (1973). In particular, a petitioner is required to apprise the state's highest court of the alleged violation of federal rights before seeking intervention by this Court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 828 (1999). Alternatively, in exceptional circumstances, a petitioner may be

excused from the exhaustion requirement when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." <u>Howard v. Davis</u>, 815 F.2d 1429, 1430 (11th Cir. 1987).

ACCORDINGLY, it is now

**ORDERED**:

1.   Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2.   The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; and (3) close this file.

3.   The **Clerk** shall transmit one copy of the form for use in Section 2241 cases to Plaintiff along with an Affidavit of Indigence Form with this Order to Plaintiff for his future use, if appropriate.

**DONE AND ORDERED** in Fort Myers, Florida, on this __11th__ day of August, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-6-